1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                    Plaintiff,<br>          v.<br><br>EL ASADERO LLC et al.,<br><br>                    Defendants. | CASE NO. 2:24-cv-00513-LK<br><br>ORDER TO SHOW CAUSE |

11
12
13
14
15
16

This matter comes before the Court sua sponte. Plaintiff State Farm Mutual Automobile Insurance Company filed its complaint for a declaratory judgment in this Court on the basis of diversity jurisdiction. Dkt. No. 1 at 2–3 (citing 28 U.S.C. § 1332(a)(1)). However, the record does not show that complete diversity exists or that the amount in controversy requirement is met. For the reasons discussed below, the Court orders State Farm to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an

1   "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power

2   to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas*

3   *AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). As the party asserting jurisdiction,

4   State Farm has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d

5   1152, 1157 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter

6   jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

7        District courts have original jurisdiction when the amount in controversy exceeds $75,000

8   and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Section 1332(a)(1)

9   requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of

10  the defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he

11  presence in the action of a single plaintiff from the same State as a single defendant deprives the

12  district court of original diversity jurisdiction over the entire action."). Whether the amount in

13  controversy exceeds $75,000 is generally "determined from the face of the pleadings," and courts

14  will defer to the amount "claimed by the plaintiff . . . so long as the claim is made in good faith."

15  *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000); *accord Geographic*

16  *Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

17       State Farm notes that it is an Illinois corporation with its principal place of business in

18  Illinois. Dkt. No. 1 at 2. It further avers that Defendants Fransisco J. Soltero, Trudy Hicks, and El

19  Asadero LLC are Washington citizens. *Id.*; *see also* Dkt. No. 5-1 at 2. However, an LLC "is a

20  citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props.*

21  *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Neither the complaint nor the remainder of the

22  record identifies all members of the LLC or their citizenship. It is therefore unclear whether the

23  parties are truly diverse. *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th

24  Cir. 1970) ("Failure to make proper and complete allegations of diversity jurisdiction relegates a

litigant to . . . jurisdictional purgatory."); *see also, e.g.*, *Un Boon Kim v. Shellpoint Partners, LLC*, No. 15-cv-611-LAB(BLM), 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) (finding that diversity was inadequately pled when the operative complaint "ma[d]e the conclusory allegation that '[Defendant] is a citizen of the state of Georgia.'").

The record also fails to demonstrate that the $75,000 threshold is satisfied. The complaint does not identify any specific amount of damages and states that "[t]he State Farm policy at issue has bodily injury liability policy limits of $250,000 each person/$500,000 each accident." Dkt. No. 1 at 2. However, when, as here, the parties dispute the applicability of the policy to a particular occurrence—rather than the validity of the policy itself—"the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Schmale v. State Farm & Cas. Co.*, No. 2:23-cv-01114-GMN-NJK, 2023 WL 7130567, at *2 (D. Nev. Oct. 30, 2023) (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, vol. 14B, § 3710, 264 (3d ed., West 1998)). Thus, the value of the claim, not the policy limit, determines the amount in controversy here. *Id.*; *see also Tesfay v. United Fin. Cas. Co.*, No. 2:22-cv-01687-TL, 2023 WL 2554163, at *1 (W.D. Wash. Mar. 17, 2023) (noting that "the mere fact that the policy limits exceed the $75,000 threshold for diversity jurisdiction does not show what the amount in controversy in this action actually is").

Accordingly, within 14 days of the date of this Order, State Farm is ORDERED to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in dismissal. *See* Fed. R. Civ. P. 12(h)(3).

Dated this 12th day of July, 2024.

Lauren King
United States District Judge