1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>          v.<br><br>EL ASADERO LLC et al.,<br><br>                    Defendants. | CASE NO. 2:24-cv-00513-LK<br><br>ORDER GRANTING MOTION TO WITHDRAW |

16

17

This matter comes before the Court on a motion to withdraw filed by counsel for Defendant

Trudy Hicks. Dkt. No. 20. For the reasons set forth below, the Court grants the motion.

18

### I.   BACKGROUND

19

20

On April 16, 2024, State Farm filed its complaint in this Court seeking "a determination of

the parties' rights and obligations under an automobile liability policy it issued to Francisco J.

21

22

Soltero . . . with respect to claims asserted by Trudy Hicks" in *Hicks v. El Asadero LLC*, 22-2-

19117-1 KNT (King Cnty. Sup. Ct.) (the "Underlying Action"). Dkt. No. 1 at 1–2. Specifically,

23

24

State Farm seeks a declaration that (1) "[t]he State Farm Policy does not provide coverage to

1   Fran[c]isco J. Soltero or El Asadero LLC for the damages claimed in the [Underlying] Action, and

2   (2) "State Farm has no duty to defend or indemnify Fran[c]isco J. Soltero or El Asadero LLC under

3   the State Farm Policy in the [Underlying] Action[.]" *Id.* at 5.[1]

4       In the Underlying Action, Hicks contends that she fell and injured herself while exiting

5   Taqueria El Asadero, a restaurant operated out of a converted bus owned by Defendant Francisco

6   Soltero. *Id.* at 4. State Farm contends that the automobile policy it issued to Soltero does not cover

7   Hicks' injuries because it "excludes coverage for bodily injury when the vehicle is parked and

8   being used as a business premises," as Taqueria El Asadero was. *Id.* at 3–4.

9       On August 13, 2024, Hicks' counsel Michael "Mac" Brown filed this motion to withdraw.

10  Dkt. No. 20. He states that Hicks was added as a party to this lawsuit "because, under Washington

11  law, third-party claimants to the proceeds of an insurance policy, like Ms. Hicks, are not bound by

12  a declaratory judgment of no insurance coverage unless they are made parties to the declaratory

13  judgment action." *Id.* at 2 (citing *Glandon v. Searle*, 412 P.2d 116, 118–119 (Wash. 1966)). Brown

14  informed Hicks when he filed this motion that he could no longer represent her in this action or

15  the Underlying Action because of the financial burden of representing her in two different lawsuits

16  on a contingency basis. Dkt. No. 20-1 at 2–3. Brown withdrew from representing Hicks in the

17  Underlying Action effective August 23, 2024. *Id.* at 1. On September 3, 2024, Brown filed a letter

18  from Hicks in which she states, "I'm officially writing you to deny your withdrawal from my state

19  case and federal case[.] I object to your withdrawal at this time." Dkt. No. 26 at 1, 3. The letter

20  does not further elaborate on her objections.

21      While this motion to withdraw was pending, State Farm filed a motion for summary

22  judgment that the insurance policy does not cover Hicks' accident. Dkt. No. 23 at 1. State Farm

23

24  [1] El Asadero and Soltero have not appeared in this action.

ORDER GRANTING MOTION TO WITHDRAW - 2

1  noted the motion for the Court's consideration on November 15, 2024, a date that was more than

2  two months away, in light of Brown's pending motion to withdraw. *Id.* at 5. State Farm also stated

3  that it is "willing to move the hearing date for this motion even further than November 15 to

4  accommodate a new attorney." *Id.* Defendants' opposition briefs are due by November 8, 2024,

5  State Farm's reply, if any, is due by November 15, 2024, and any party may move for an extension

6  of these deadlines before the due date with a showing of good cause. Dkt. No. 28.

## II.   DISCUSSION

8      An attorney seeking to withdraw from a case in a manner that will leave a party

9  unrepresented must file a motion and obtain the court's leave to withdraw. LCR 83.2(b)(1). A

10  motion to withdraw must contain a certification that it was served on the client and opposing

11  counsel and provide the client's address and telephone number. *Id.* In a civil case, "[t]he attorney

12  will ordinarily be permitted to withdraw until sixty days before the discovery cut off date[.]" *Id.*

13      When evaluating a motion to withdraw, courts typically consider "(1) the reasons why

14  withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm

15  withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal

16  will delay the resolution of the case." *Pac. Survey Grp., LLC v. Tyche High Seas Cap. Corp.*, No.

17  C21-1712-JLR, 2023 WL 4624469, at *2 (W.D. Wash. July 19, 2023) (quoting *Curtis v.*

18  *Illumination Arts, Inc.*, No. C12-0991-JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014)).

19  "The trial court retains wide discretion in a civil case to grant or deny a motion to withdraw."

20  *Curtis*, 2014 WL 556010, at *4 (cleaned up).

21      Here, the motion to withdraw meets the technical requirements of Local Civil Rule

22  83.2(b)(1): it includes a certification that it was served on Hicks and opposing counsel, and it

23  provides Hick's address and telephone number. Dkt. No. 20 at 3–4; Dkt. No. 20-1 at 4–5. No

24

1   discovery deadline has been set in this case, so Brown is not seeking to withdraw within 60 days

2   of that deadline.

3        Turning to the merits, Brown states that continuing the representation will place a

4   significant financial burden on him and his law firm. Dkt. No. 20-1 at 2–3. Although Hicks objects

5   to the withdrawal, her objections are not specific and contain no allegation of prejudice. Her

6   response to State Farm's motion for summary judgment is not due until November 8, 2024,

7   providing Hicks ample time to retain other counsel and/or move for additional time to respond if

8   needed. No other deadline is looming and no trial date has been set. At this point, it does not appear

9   that the withdrawal will harm the administration of justice or delay resolution of the case.

10   Accordingly, the Court allows Brown to withdraw.

11                              **III.   CONCLUSION**

12        For the foregoing reasons, the Court GRANTS Brown's motion to withdraw. Dkt. No. 20.

13   Hicks is advised that until new counsel appears in this case on her behalf, she is responsible for

14   litigating this case and complying with all Court rules and deadlines. The Court's website contains

15   resources for pro se litigants, including links to applicable rules and a "Pro Se Guide to Filing Your

16   Lawsuit in Federal Court."[2] The Court DIRECTS the Clerk of Court to mail a copy of this order

17   to Hicks at her last known address. Dkt. No. 26 at 3.

18        Dated this 16th day of September, 2024.

19

20                                                    Lauren King
                                                      United States District Judge

21

22

23

24   [2] *See* https://www.wawd.uscourts.gov/representing-yourself-pro-se.